UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MANETIRONY CLERVRAIN, et al, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>ANTWAUN GRIFFIN, et al, )<br>    Defendants. )<br>) | C.A. No. 22-00111-MSM-LDA |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Plaintiff Manetirony Clervrain, a former federal prisoner who currently resides in Indiana,[1] brings this action against more than fifty individual defendants. Only four of those defendants are identified by more than their names and those four are identified as either employees of the United States Small Business Administration or a "White House Liaison at U.S. Small Business." All are identified at an address in Washington, D.C. Mr. Clervrain, who is a prolific litigator, brings this case as a civil rights action pursuant to 42 U.S.C. §1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He did not prepay the filing fee, but instead filed a motion for leave to proceed *in forma pauperis.*[2]

---

[1] On both the Complaint and the Civil Cover Sheet Plaintiff Clervrain lists his address as Anderson Indiana.
[2] Mr. Clervrain filed a motion that he entitled "Motion for Mitigating Financial Burden or ("IFP") Constitutional Issues by Massive Issues ["Right Aggravated"] Treatment Act" (ECF No. 3) which includes an affirmation that he is unable to pay

1

Because the Plaintiff seeks to proceed *in forma pauperis* (IFP), his complaint is subject to review and mandatory dismissal if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal under 28 U.S.C. § 1915(e)(2)(B) is identical to the standard on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *Hodge v. Murphy*, 808 F.Supp.2d 405, 408 (D.R.I. 2011). Thus, to survive a review under § 1915, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 570 (2007)).

A court must liberally construe a pro se complaint and apply "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Even applying this more liberal standard, the Plaintiffs' complaint does not support any plausible claim against any defendant. The complaint itself is legible and neatly typed but the allegations and legal arguments are incomprehensible. Having named more than 50 defendants, the Plaintiffs have not explained who most of them are, and they include no allegations suggesting that any of the defendants violated plaintiffs' rights under federal law. The complaint does not draw a link between the named plaintiffs and any injury alleged. The allegations are therefore frivolous, and do not support any viable claim for relief. The complaint

---

the Court's filing fee as well as a schedule of income and expenses. The Court Treats this Motion as a Motion to Proceed *in forma pauperis*.

is DISMISSED pursuant to 28 U.S.C.§1915(e)(2)(B). Plaintiff's Motion to proceed in forma pauperis (ECF No. 3) is DENIED as moot. The Court further CERTIFIES that an appeal would not be taken in good faith, and therefore, should Plaintiff seek leave to appeal *in forma pauperis* permission is DENIED. 28 U.S.C. §1915(a)(3).

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

March 24, 2022